1  Craig J. Mariam  (SBN: 225280)
   cmariam@gordonrees.com
2  Jason W. Suh  (SBN: 256573)
   jwsuh@gordonrees.com
3  Suzanne P. Marinkovich  (SBN: 311287)
   smarinkovich@gordonrees.com
4  GORDON & REES LLP
   633 West Fifth Street, 52nd Floor
5  Los Angeles, CA  90071
   Telephone:  (213) 576-5000
6  Facsimile:  (877) 306-0043
   Attorneys for Defendant
7  LIFETIME MEMORY PRODUCTS, INC.

8  JOSEPH A. MANDOUR, III (SBN: 188896)
   Email: jmandour@mandourlaw.com
9  BEN T. LILA (SBN: 246808)
   Email: blila@mandourlaw.com
10 MANDOUR & ASSOCIATES, APC
   8605 Santa Monica Blvd., Suite 1500
11 Los Angeles, CA 90069
   Telephone: (858) 487-9300
12 Attorneys for Plaintiff
   COMPUTER MEMORY SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMPUTER MEMORY SOLUTIONS, INC., a California Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> LIFETIME MEMORY PRODUCTS, INC., a California corporation, <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS | CASE NO. 8:16-cv-00719-DOC-JEM <br><br> Assigned to: Honorable David O. Carter <br> Referred to: Magistrate Judge John E. McDermott <br><br> **DISCOVERY MATTER** <br><br> **JOINT STIPULATED PROTECTIVE ORDER** <br><br> Complaint Filed: April 15, 2016 <br> Trial Date: June 6, 2017 |

-1-
JOINT STIPULATED PROTECTIVE ORDER

# STIPULATION REGARDING CONFIDENTIAL INFORMATION

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. DEFINITIONS

2.1  Challenging Party:  a Party that challenges the designation of information or items under this Order.

2.2  "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored, or maintained) or tangible things that contain proprietary business or personal information of a party (or of a third person whose information the party is under a duty to maintain in confidence). CONFIDENTIAL" Information or Items generally include materials used by the Designating Party in or pertaining to its business, which matter is not generally known and which the Designating Party would not normally reveal to third parties or would cause third parties to maintain in confidence. Disclosure or Discovery

///

Material containing Confidential Information may be designated "CONFIDENTIAL."

2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL AND/OR ATTORNEYS' EYES ONLY."

2.5 <u>Disclosure or Discovery Material</u>: all items or information, such as oral, written, documentary, testimony, tangible, intangible, electronic, or digitized, now or hereafter, that are produced or generated in disclosures or responses to discovery in this matter, including material or information produced by non-parties if they so request.

2.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who: (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action; (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7 <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party (presently, Mandour & Associates, APC for plaintiff and counter-defendant Computer Memory Solutions, Inc. and

1  Gordon & Rees, LLP for defendant and counter-claimant Lifetime Memory
2  Products, Inc.).

3      2.10   <u>Party</u>:  any party to this action, including all of its officers, directors,
4  employees, consultants, retained experts, and Outside Counsel of Record (and their
5  support staffs).

6      2.11   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or
7  Discovery Material in this action.

8      2.12   <u>Professional Vendors</u>:  persons or entities that provide litigation
9  support services (e.g., photocopying, videotaping, translating, preparing exhibits or
10 demonstrations, and organizing, storing, or retrieving data in any form or medium)
11 and their employees and subcontractors.

12     2.13   <u>Insurance Carrier Representative</u>:  the Receiving Party's insurance
13 carrier or carrier(s) and their counsel to the extent reasonably related to any actual
14 or potential coverage in connection with this litigation.

15     2.14   <u>Protected Material</u>:  any Disclosure or Discovery Material that is
16 designated as "CONFIDENTIAL AND/OR ATTORNEYS' EYES ONLY."

17     2.15   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery
18 Material from a Producing Party.

19     2.16   <u>"ATTORNEYS' EYES ONLY" Information or Items</u>: information
20 (regardless of how generated, stored, or maintained) or tangible things that a
21 Designating Party believes in good faith to be extremely sensitive
22 CONFIDENTIAL information, disclosure of which to another Party or Non-Party
23 would create substantial risk of material economic harm to the Producing Party
24 that could not be avoided by less restrictive means. The parties agree that the
25 ATTORNEYS' EYES ONLY designation includes the following categories of
26 information, to the extent the criteria of the first sentence of this Section 2.16 are
27 met: (i) confidential business, marketing, or strategic plans, including business,
28 marketing, and technical information regarding future products; and (ii) trade

1 secrets (including as defined in Cal. Civ. Code § 3426.1) and highly confidential
2 and commercially sensitive technical information.

3    3. **SCOPE**

4       The protections conferred by this Stipulation and Order cover not only
5 Protected Material (as defined above), but also (1) any information copied or
6 extracted from Protected Material; (2) all copies, excerpts, summaries, or
7 compilations of Protected Material; and (3) any testimony, conversations, or
8 presentations by Parties or their Counsel that might reveal Protected Material.
9 However, the protections conferred by this Stipulation and Order do not cover the
10 following information: (a) any information that is in the public domain at the time
11 of disclosure to a Receiving Party or becomes part of the public domain after its
12 disclosure to a Receiving Party as a result of publication not involving a violation
13 of this Order, including becoming part of the public record through trial or
14 otherwise; and (b) any information known to the Receiving Party prior to the
15 disclosure or obtained by the Receiving Party after the disclosure from a source
16 who obtained the information lawfully and under no obligation of confidentiality to
17 the Designating Party. Any use of Protected Material at trial shall be governed by a
18 separate agreement or order.

19    4. **DURATION**

20       Even after final disposition of this litigation, the confidentiality obligations
21 imposed by this Order shall remain in effect until a Designating Party agrees
22 otherwise in writing or a court order otherwise directs. Final disposition shall be
23 deemed to be the later of (1) dismissal of all claims and defenses in this action,
24 with or without prejudice; and (2) final judgment herein after the completion and
25 exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,
26 including the time limits for filing any motions or applications for extension of
27 time pursuant to applicable law.
28 ///

5. **DESIGNATING PROTECTED MATERIAL**

    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

    5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL AND/OR ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL AND/OR ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL AND/OR ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

Deposition testimony may be treated as "CONFIDENTIAL AND/OR ATTORNEYS' EYES ONLY" during the deposition, as the Designating Party may direct, and the transcript of the designated testimony shall be transcribed on separate pages and so marked by the reporter. A Designating Party also may so designate portions of the deposition after the transcription is produced and shall have twenty (20) days after receipt of such deposition transcript to advise the Receiving Party, in writing, of the portions of the deposition transcript that are to be designated as "CONFIDENTIAL AND/OR ATTORNEYS' EYES ONLY" after which period the right to make such designations shall be waived.

The Designating Party may exclude any person from a deposition, other than those to whom Confidential Information may be disclosed pursuant to this Order. Failure of such person(s) to comply with the request hereunder shall constitute substantial justification for counsel to advise the witness to refrain from answering the question seeking to reveal Confidential Information.

///

-7-
JOINT STIPULATED PROTECTIVE ORDER

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL AND/OR ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     **<u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

6.1     <u>Timing of Challenges</u>.  Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of

notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

  6.3 <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Receiving Party may seek a Court Order setting aside the Designating Party's Designation pursuant to the discovery dispute procedures set forth in Central District of California Civil Local Rules 37-1 through 37-4.

  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

  7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

1 Protected Material must be stored and maintained by a Receiving Party at a 2 location and in a secure manner that ensures that access is limited to the persons 3 authorized under this Order.

4     7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless 5 otherwise ordered by the court or permitted in writing by the Designating Party, a 6 Receiving Party may disclose any information or item designated 7 "CONFIDENTIAL" only to:

8     (a) the Receiving Party's Outside Counsel of Record in this action, as well 9 as employees of said Outside Counsel of Record to whom it is reasonably 10 necessary to disclose the information for this litigation;

11     (b) the officers, directors, and employees (including House Counsel) of the 12 Receiving Party to whom disclosure is reasonably necessary for this litigation, and 13 who have signed the Acknowledgment and Agreement to Be Bound by Protective 14 Order (Exhibit A);

15     (c) Experts (as defined in this Order) of the Receiving Party to whom 16 disclosure is reasonably necessary for this litigation and who have signed the 17 Acknowledgment and Agreement to Be Bound by Protective Order (Exhibit A), 18 provided that the Receiving Party seeking to disclose information to said Experts 19 comply with the following procedures prior to disclosure:

20     (i) Unless otherwise ordered by the court or agreed to in writing by 21     the Designating Party, a Party that seeks to disclose to an Expert any 22     information or item that has been designated CONFIDENTIAL first 23     must make a written request to the Designating Party that: (1) sets 24     forth the full name of the Expert and the city and state of his or her 25     primary residence; (2) attaches a copy of the Expert's current resume; 26     (3) identifies the Expert's current employer(s); (4) identifies each 27     person or entity from whom the Expert has received compensation or 28     funding for work in his or her areas of expertise or to whom the expert

has provided professional services, including in connection with a litigation, at any time during the preceding five years; and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(ii) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within seven (7) business days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(iii) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) business days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion in accordance with the Local Rules seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. In any such proceeding, the Party opposing disclosure

-11-
JOINT STIPULATED PROTECTIVE ORDER

to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

(d) the court and its personnel;

(e) Court reporters and their staff and Professional Vendors (as defined in this Order) to whom disclosure is reasonably necessary for this litigation;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Acknowledgment and Agreement to Be Bound by Protective Order (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h) A party's Insurance Carrier Representative (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment and Agreement to Be Bound by Protective Order (Exhibit A).

7.3 <u>Disclosure of "ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to the court and its personnel, and to the categories of persons identified in subparagraphs 2.6, 2.9, 2.12, and 2.13, subject to the execution of the Acknowledgment and Agreement to Be Bound by Protective Order (Exhibit A) as required in Section 7.2 for the specified categories

///

of persons, and compliance with the pre-disclosure procedures outlined for Experts in subparagraphs 7.2(c)(i)-(iii) above.

7.4 Copies of the "Acknowledgment and Agreement to be Bound" forms required under subparagraphs 7.2 and 7.3 shall be promptly served on the Producing Party and/or Designating Party.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a party in this action to disobey a lawful directive from another court or a lawful subpoena issued in another action.

///

9. **<u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a

///

///

determination by the court.[1] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party and/or Designating Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

///

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

A Receiving Party who is requested to return inadvertently produced material on the grounds of privilege may retain one copy of such material for the sole purpose of challenging the assertion of privilege.

12. **MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future. No modification by the parties shall have the force or effect of a Court order unless the Court approves the modification.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. Without a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party wishes to file under seal material from a Producing Party, it must give the Producing Party and/or Designating Party the opportunity to demonstrate to the Court why the information should be filed under seal.

A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5; that is, if any papers to be filed with the Court contain Protected Material, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the Protected Material (if such portion is segregable) under seal. The application shall be directed to the judge to whom the papers are directed. For motions, the parties should also file a redacted

version of the motion and supporting papers. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

13. **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party and/or Designating Party, or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute

///

Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: December 22, 2016  Joseph A. Mandour, III
Ben T. Lila
Mandour & Associates, APC

By: _____*/s/ Ben T. Lila*_____
  Ben T. Lila
Attorneys for plaintiff/counter-defendant
COMPUTER MEMORY SOLUTIONS, INC.

DATED: December 22, 2016  Craig J. Mariam
Jason W. Suh
Suzanne P. Marinkovich
Gordon & Rees LLP

By: _____*/s/ Craig J. Mariam*_____
  Craig J. Mariam
Attorneys for defendant/counter-claimant
LIFETIME MEMORY PRODUCTS, INC.

## **ATTESTATION REGARDING SIGNATURES**

I certify that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: December 22, 2016  By: _____*/s/ Craig J. Mariam*_____
  Craig J. Mariam

**ORDER**

IT IS SO ORDERED.

DATED: December 27, 2016

_____
Hon. John E. McDermott
United States Magistrate Judge

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

1. I have been asked by _____ or its counsel to review certain information, materials, and/or testimony that has/have been designated as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" within the terms of the Stipulated Protective Order entered in the action entitled *Computer Memory Solutions, Inc. v. Lifetime Memory Products, Inc.*, and related counterclaim, in the U.S. District Court, Central District of California, Case No. 8:16-cv-00719-DOC-JEM.

2. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt of court. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

3. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Executed on _____, 20___, at _____[CITY AND STATE].

Signature: _____

Printed Name: _____